O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VICTOR MEDINA,** | ) NO. EDCV 10-00038-MAN |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION |
| **MICHAEL J. ASTRUE,** | ) AND ORDER |
| **Commissioner of Social Security,** | ) |
| Defendant. | ) |

Plaintiff filed a Complaint on January 19, 2010, seeking review of the denial by the Social Security Commissioner (the "Commissioner") of plaintiff's application for a period of disability, disability insurance benefits ("DIB"), and social security income ("SSI"). On January 7, 2011, the parties consented to proceed before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c).[1] The parties filed a Joint Stipulation on July 21, 2010, in which: plaintiff seeks an order reversing the Commissioner's decision and remanding this case for the payment of benefits or, alternatively, for further

---

[1] The parties initially consented to proceed before United States Magistrate Judge Rosalyn M. Chapman. Due to Judge Chapman's retirement, however, the case was transferred to the undersigned United States Magistrate Judge.

administrative proceedings; and defendant requests that the Commissioner's decision be affirmed. The Court has taken the parties' Joint Stipulation under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

Plaintiff filed an application for a period of disability, DIB, and SSI on November 27, 2007. (Administrative Record ("A.R.") 110-20.) Plaintiff claims to have been disabled since February 17, 2005, due to bipolar disorder, asthma, and a torn anterior-cruciate ligament ("ACL") on his left knee.[2] (A.R. 110, 128.) Plaintiff has past relevant work experience as an assembler and laborer.[3] (A.R. 13.)

After the Commissioner denied plaintiff's claim initially and upon reconsideration (A.R. 47-51, 55-60), plaintiff requested a hearing (A.R. 62). On June 8, 2009, plaintiff, who was represented by counsel, appeared and testified at a hearing before Administrative Law Judge Jesse J. Pease (the "ALJ"). (A.R. 16-42.) Vocational expert Troy L. Scott also testified. (*Id.*) On September 15, 2009, the ALJ denied plaintiff's claim (A.R. 8-15), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 1-3). That decision is now at issue in this action

---

[2]  It appears that plaintiff also has hepatitis C and gastroesophageal disease ("GERD"). (*see, e.g.,* A.R. 10.)

[3]  Although not discussed in the ALJ's decision, it appears that plaintiff also had past relevant work experience as a janitor and tow truck driver. (*See, e.g.,* A.R. 35-36, 129.)

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that plaintiff has not engaged in substantial gainful activity since February 17, 2005, the alleged onset date of plaintiff's claimed disability. (A.R. 10.) The ALJ determined that: plaintiff's torn left ACL and bipolar disorder are severe impairments; and his hepatitis C, GERD, and history of asthma are "non-severe" impairments. (*Id.*) The ALJ also determined that plaintiff does not have an impairment or combination of impairments that meets or equals in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1526, 416.920(d), 416.925, and 416.926). (A.R. 10-11.)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform a limited range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (A.R. 11.) Specifically, the ALJ determined that plaintiff can "stand for 2 hours of an 8-hour workday, frequently balance and stoop, and occasionally perform all other postural activities." (*Id.*) The ALJ also determined that plaintiff "should avoid working around hazardous machines and at heights" and "[m]entally,[plaintiff] can perform simple repetitive tasks with no intense contact with others." (*Id.*)

The ALJ concluded that plaintiff was unable to perform his past relevant work. (A.R. 13.) However, having considered plaintiff's age, education, work experience, RFC, as well as the testimony of the vocational expert, the ALJ found that jobs exist in the national economy that plaintiff could perform, including those of parking lot attendant,

electronics assembler, and sewing machine operator. (A.R. 14.) Accordingly, the ALJ concluded that plaintiff was not disabled within the meaning of the Social Security Act from February 17, 2005, through the date of his decision. (A.R. 8, 14-15.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); see also Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; *see also* Connett, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* Burch, 400 F.3d at 679.

**DISCUSSION**

Plaintiff makes the following claims: (1) the ALJ did not consider plaintiff's credibility properly; (2) the ALJ failed to consider the statement of lay witness Martin Ramirez; (3) the ALJ did not consider the statement of plaintiff's physician properly; and (4) the ALJ did not consider plaintiff's ability to do "other" work properly.[4] (Joint Stipulation ("Joint Stip.") at 1-23.)

///
///
///
///

---

[4] Plaintiff initially raised another claim -- *to wit*, that the ALJ did not address whether plaintiff met a Listing properly -- however, plaintiff has since "withdrawn this argument." (Joint Stip. at 2-3.)

**I.   The ALJ Failed To Give Clear And Convincing Reasons For Finding Plaintiff To Be Not Credible.**

Once a disability claimant produces objective evidence of an underlying impairment that is reasonably likely to be the source of his subjective symptom(s), all subjective testimony as to the severity of the symptoms must be considered. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991)(*en banc*); *see also* 20 C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). "[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." Robbins, 466 F.3d at 883. The factors to be considered in weighing a claimant's credibility include:  (1) the claimant's reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. *See* Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c).

The ALJ found that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (A.R. 12.) Further, the ALJ cited no evidence of malingering by plaintiff. Accordingly, the ALJ's reason for rejecting plaintiff's credibility must be "clear and convincing."

At the hearing, plaintiff testified that he can sit for 20 or 30 minutes before his knee hurts him, he can stand for 45 minutes before it starts to swell, and cold weather causes him to experience knee pain. (A.R. 22.) He also testified that he cannot walk for long periods of time or "climb because [his knee] starts to . . . make funny noises." (A.R. 27.) Plaintiff testified that he could climb a ladder, if it were not too high. (*Id.*) With respect to his mental health problems, plaintiff testified that he is "nervous," "depressed at times," has trouble concentrating, "has thoughts of suicide," and has "manic phase[s]."[5] (A.R. 20, 30.) Plaintiff also testified that, while his medication helps, "it doesn't . . . calm [his] anxiety or . . . calm [him] down. It just sedates [him]."[6] (A.R. 21.)

In his decision, the ALJ stated that plaintiff's "statements concerning the intensity, persistence and limiting effects of [his alleged] symptoms are not credible to the extent they are inconsistent with the [RFC] assessment." (A.R. 12.) In determining plaintiff's RFC, however, the ALJ failed to provide any clear and convincing reasons for rejecting plaintiff's testimony regarding the nature and extent of his physical and mental limitations.[7] Rather, the ALJ merely summarized

---

[5] Plaintiff testified that, while in a manic phase, he gets agitated, "won't sleep at all," feels funny and weird, and will lock himself in a room. (A.R. 29-30.)

[6] Plaintiff also testified that his medications make him drowsy and sleepy. (A.R. 28.)

[7] Although the ALJ's RFC assessment provides for some physical and mental limitations and restrictions, it does not encompass all of plaintiff's alleged limitations. For example, plaintiff alleged greater sit-stand limitations than the two hour standing limitation contained in the ALJ's RFC assessment.

plaintiff's daily activities, plaintiff's criminal record, the medical record, and the medical opinions. The ALJ's summary and his boilerplate statement do not constitute clear and convincing reasons, as required, for finding plaintiff's testimony to be not credible. Further, they are not sufficiently specific to allow this Court to determine whether the ALJ rejected plaintiff's testimony on permissible grounds.

Moreover, although defendant attempts to manufacture reasons from the ALJ's various summaries to discredit plaintiff, the Court cannot engage in post hac rationalizations. *See, e.g.*, Orn, 395 F.2d at 630 (noting that the court may "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely"); *see also* Connett, 340 F.3d at 874. Accordingly, because the ALJ did not give clear and convincing reasons for discrediting plaintiff's testimony, the ALJ committed error.

**II.  The ALJ Erred By Failing To Consider The Statement Of Lay Witness Martin Ramirez.**

In evaluating the credibility of a claimant's assertions of functional limitations, the ALJ must consider the lay witnesses' reported observations of the claimant. Stout, 454 F.3d at 1053. "[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [the claimant's] condition." Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4), 416.913(d)(4) ("[W]e may also use evidence from other sources to show the severity of your impairment(s). . . . Other sources include, but are not limited

to . . . spouses, parents and other care-givers, siblings, other relatives, friends, neighbors, and clergy."). "If an ALJ disregards the testimony of a lay witness, the ALJ must provide reasons 'that are germane to each witness.'" Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009)(citation omitted). Further, the reasons "germane to each witness" must be specific. Stout, 454 F.3d at 1054 (explaining that "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony"). Lastly, "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Id. at 1056.

In this case, the ALJ erred when he failed to discuss the lay witness statement of plaintiff's brother, Martin Ramirez. When an ALJ disregards a lay witness's testimony without comment, the Court applies a harmless error analysis. Stout, 454 F.3d at 1054-56. Here, plaintiff's brother stated, in pertinent part, that plaintiff has difficulties with squatting, kneeling, stair climbing, memory, completing tasks, concentration, and following instructions.[8] (A.R. 156.) He noted that plaintiff's "torn ligament [in his left knee] . . . limits him [from doing] certain tasks and his bipolar disorder keeps him

---

[8] While plaintiff concedes that the ALJ's postural restrictions in his RFC assessment subsume the lay witness statement regarding plaintiff's difficulties with squatting, kneeling, and stair climbing (Joint Stip. at 13), the Court is not convinced that no reasonable ALJ could have reached a different, possibly more restrictive, determination, if Martin Ramirez's statement were considered and credited.

9

from focusing on what . . . he has to do or accomplish overall." (A.R. 154, 158.) Ramirez also stated that plaintiff becomes "easily distracted" when given oral instruction. (*Id.*) He stated that plaintiff cannot handle stress -- noting that plaintiff "panics and gets agitated" and that "[i]t takes a while for [plaintiff] to get accustomed" to changes in routine. (A.R. 157.) While it is true that the ALJ included certain mental and physical limitations and restrictions in his RFC assessment of plaintiff, the Court cannot confidently conclude that no reasonable ALJ, when fully crediting the lay witness statement, could have reached a different disability determination. Accordingly, the ALJ's error was not harmless.

### III. **The ALJ Did Not Commit Reversible Error With Respect To His Consideration Of The Statement Of Plaintiff's Physician.**

The determination of disability is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e). A finding of disability is an "administrative determination of how an impairment, in relation to education, age, technological, economic, and social factors, affects ability to engage in gainful activity." McLeod v. Astrue, 2010 U.S. App. LEXIS 25617, *2 (9th Cir. 2010). Accordingly, a finding by a medical source that a claimant is "disabled" or "unable to work" is not binding on the ALJ with respect to the ultimate determination of disability. 20 C.F.R. §§ 404.1527(6)(e)(1), 416.927(6)(e)(1); Tonapetyan v. Halter, 242 F.3d 1144 (9th Cir. 2001). Further, the rejection of a medical source's "opinion on ability to perform any remunerative work does not by itself trigger a duty to contact the physician for more explanation." McLeod, 2010 U.S. App. LEXIS, at *6-

*7. Moreover, an ALJ "need not discuss *all* evidence presented to him." Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984)(citation omitted)(emphasis in original); *see also* Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003)(ALJ need not discuss every piece of evidence). An ALJ must explain only why "significant probative evidence has been rejected." Vincent, 739 F.3d at 1395 (internal quotations and citation omitted).

The ALJ did not commit reversible error in failing to discuss the "Certificate Of Disability" from plaintiff's physician, Cris Sherman, D.O. The certificate stated, in pertinent part, that plaintiff would not be able to perform his "regular duties" from August 25, 2008, to November 25, 2008. (A.R. 403.) In the limitations/remarks section, it was noted that plaintiff has an unstable knee and requires surgery because of an ACL tear on his left knee. (*Id.*) In addition, there was a note requesting expedited funding to allow for the elective procedure. (*Id.*) Here, although Dr. Sherman opined that plaintiff could not perform his "regular duties" for three months, Dr. Sherman's finding is not binding on the ALJ, because it pertains to the determination of disability -- a matter reserved exclusively to the Commissioner. Moreover, an ALJ is not required to discuss every piece of evidence and the rejection of an opinion regarding disability does not by itself trigger a duty to re-contact the physician. Accordingly, no error occurred.

However, even assuming *arguendo* that the ALJ committed error(s) -- in failing to discuss the "Certificate Of Disability" and/or in failing to develop the record further -- any error committed was harmless. In

pertinent part, Dr. Sherman opined that plaintiff would be disabled for only three months, which falls far short of the 12 month durational requirement necessary for an impairment to be considered disabling.  42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. §§ 404.1509, 416.909.  Further, as pointed out by defendant, there is no evidence of record indicating a disabling impairment for the requisite 12 months.  Accordingly, no reversible error occurred.

**IV.  The ALJ Must Review And Reconsider Plaintiff's Ability To Perform "Other Work."**

Based on the foregoing, there are several matters that the ALJ needs to review and reconsider on remand.  As a result, the ALJ's conclusion regarding plaintiff's capacity to perform "other work" may change.  Therefore, the Court does not reach plaintiff's fourth claim, *to wit*, that the ALJ erred in determining that plaintiff can perform work other than his past relevant work.  To properly review and reconsider this issue, the ALJ needs to reconsider both the testimony of plaintiff and the statement of lay witness Martin Ramirez to assess properly what weight, if any, this evidence has on the ALJ's assessment of plaintiff's ability to perform "other work."  Further, to the extent plaintiff's RFC may need to be reassessed, additional testimony from a vocational expert likely will be required to determine whether plaintiff can perform work other than his past relevant work.

**V.  Remand Is Required.**

The decision whether to remand for further proceedings or order an

immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* at 1179-81.

Remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors. *See, e.g.,* Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if enhancement of the record would be useful); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989) (remand appropriate to remedy defects in the record).

On remand, the ALJ must correct the above-mentioned deficiencies and errors. Specifically, the ALJ needs to reconsider plaintiff's testimony and if applicable, give clear and convincing reasons for rejecting it. In addition, the ALJ must provide germane reasons, if they exist, for rejecting lay witness Martin Ramirez's statement regarding his observation of the nature and extent of plaintiff's alleged impairments and limitations. After correcting the above errors and deficiencies, the ALJ may need to reassess plaintiff's RFC, in which case, additional testimony from a vocational expert likely will be

needed to determine what work, if any, plaintiff can perform.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 13, 2011

*Margaret A. Nagle*
_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE